IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO. 4:19-CV-718-KGB<br>) |
| v. | ) COMPLAINT<br>)<br>) JURY TRIAL DEMAND |
| PEI WEI ASIAN DINER, LLC d/b/a<br>PEI WEI FRESH KITCHEN | )<br>)<br>) |
| Defendant. | )<br>) |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 15 2019
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

This case assigned to District Judge Baker
and to Magistrate Judge Volpe

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to Mashonna Lloyd (Lloyd) and a class of females (class members) who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the Commission) alleges that Defendant Pei Wei Asian Diner, LLC d/b/a Pei Wei Fresh Kitchen (Defendant Employer) subjected Lloyd and the class members to sexual harassment and a sexually hostile work environment and then constructively discharged Lloyd and one class member.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-2(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged unlawful were committed within the jurisdiction of the United States District Court for Eastern District of Arkansas, Western Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-2(a).

4. At all relevant times, Defendant Employer has continuously been a foreign limited liability company doing business in the State of Arkansas and the City of Little Rock and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under 42 U.S.C. §2000e-5(f)(1) and (3).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Lloyd filed a charge of discrimination with the Commission against Defendant Employer alleging violations of Title VII by Defendant Employer.

8. On June 3, 2019, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On July 17, 2019, the Commission issued Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### STATEMENT OF SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT CLAIMS OF MASHONNA LLOYD

13. Since at least March/April of 2017 through at least December of 2017, Defendant Employer has engaged in unlawful employment practices at its Little Rock, Arkansas location in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

14. The unlawful employment practices include subjecting Lloyd to unwelcome sexual harassment and a sexually hostile work environment because of her sex, female.

    a. The general manager of Defendant Employer hired Lloyd, then a 17-year old high school student, as a cashier/server on or about March/April 2017.

    b. Working for Defendant Employer represented Lloyd's first job in the workforce.

    c. Defendant Employer did not provide sexual harassment training for Lloyd when it hired her.

    d. The general manager began sexually harassing Lloyd immediately following her hire.

  e. The general manager was around 37 years old when he began sexually harassing Lloyd.

  f. The sexual harassment by the general manager of Lloyd consisted of sexual comments, non-consensual touching of a sexual nature, and forced touching of a sexual nature.

  g. Lloyd reported the sexual harassment to the assistant manager who told Lloyd "to deal with it."

  h. Lloyd did not welcome the sexual harassment from the general manager.

  i. The sexual harassment from the general manager was severe and/or pervasive.

  j. Defendant Employer does not maintain an effective sexual harassment policy.

  k. Defendant Employer failed to take appropriate remedial measures to protect Lloyd from sexual harassment.

  l. Sexual harassment at the restaurant was common knowledge to the employees who worked there.

### STATEMENT OF THE CONSTRUCTIVE DISCHARGE CLAIM OF MASHONNA LLOYD

15. The unlawful employment practices include subjecting Lloyd to a constructive discharge in violation of Title VII, 42 U.S.C. §2000e-2.

  a. The Commission realleges and incorporates by reference the allegations set forth in Paragraph 14 herein as if fully repeated verbatim.

  b. The general manager continued to subject Lloyd to sexual harassment when Lloyd arrived at work after school and on weekends.

  c. When Lloyd, then 17-years old reported to work, the sexual comments, touching, nonconsensual touching of a sexual nature, and forced touching of a sexual nature from the general manager upon Lloyd altered her working conditions.

  d. Following Lloyd's complaint to the assistant manager, the general manager continued to subject Lloyd to sexual harassment.

  e. When Lloyd, then 17 years old reported to work, the continued sexual comments, touching, nonconsensual touching of a sexual nature, and forced touching of a sexual nature from the general manager upon Lloyd created an abusive working environment.

  f. The working conditions, as a result of the sexual harassment from the general manager, became so intolerable and caused Lloyd emotional distress, forcing Lloyd to resign.

## STATEMENT OF SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT CLAIMS OF THE CLASS MEMBERS

16. After Lloyd's forced resignation, the general manager continued his sexual harassment in the workplace with other females.

  a. The unlawful employment practices include subjecting other high school students, teens, and young adults to unwelcome sexual harassment and a sexually hostile work environment because of their sex, female.

  b. The general manager began sexually harassing a class of other females shortly after their hire.

c. Even though Defendant Employer allegedly trained its general manager on sexual harassment in the workplace in August 22-24, 2016, the general manager continued to harass other females after the training.

d. The sexual harassment training for the general manager was not effective.

e. Defendant Employer failed to take appropriate remedial measures to protect the class members from sexual harassment.

f. Defendant Employer only trained hourly employees regarding anti-harassment, including sexual harassment, on an as-needed basis.

g. Defendant Employer did not train the female high school students, teens, and young adults about sexual harassment in the workplace or how to report sexual harassment.

h. Records indicate Defendant Employer only provided sexual harassment training to the general manager and/or other upper management employees.

i. The kitchen manager also sexually harassed some of the class members shortly after their hire.

j. The sexual harassment of the class members by the general manager and the kitchen manager consisted of sexual comments and touching of a sexual nature.

k. The class members did not welcome the sexual harassment by the general manager and kitchen manager.

l. The sexual harassment of the class members was severe and/or pervasive.

m. When the other high school students, teens, and young adults reported to work, the sexual comments, touching, and nonconsensual touching of a

      sexual nature from the general manager and kitchen manager altered their working conditions.

n.    When the other high school students, teens, and young adults reported to work, the continued sexual comments, touching, and nonconsensual touching of a sexual nature from the general manager and kitchen manager created an abusive working environment.

o.    The working conditions, as a result of the sexual harassment from the general manager and kitchen manager, scared many of the class members and became so intolerable, the sexual harassment caused them emotional distress and forced one of the class members to resign.

p.    The unwelcome sexual harassment was individually sufficiently severe and/or pervasive to alter the terms and conditions of employment and cause an adverse employment action for some of the class members.

q.    Since at least September 5, 2017, Defendant Employer has been on notice of the sexual harassment by the general manager and the kitchen manager.

r.    Defendant Employer failed to conduct a reasonable and good faith investigation of allegations of sexual harassment in the workplace.

s.    Defendant Employer failed to take any corrective action against the general manager or the kitchen manager.

t.    Defendant Employer failed to emphasize a sexual harassment policy to employees after it received notice of alleged sexual harassment by the general manager and kitchen manager.

  u.  Defendant Employer failed to conduct training in the workplace for its hourly and supervisory staff after it received notice of alleged sexual harassment by the general manager and kitchen manager.

  v.  The sexual harassment by the general manager and/or the kitchen manager continued through at least December 5, 2017.

  w.  Defendant Employer does not maintain an effective sexual harassment policy.

  x.  Defendant Employer failed to take appropriate remedial measures to protect the class members from sexual harassment.

  y.  Sexual harassment at the restaurant was common knowledge to the employees who worked there.

## STATEMENT OF THE CONSTRUCTIVE DISCHARGE CLAIM OF A CLASS MEMBER

17. The unlawful employment practices include subjecting one of the class members to a constructive discharge in violation of Title VII, 42 U.S.C. §2000e-2.

  a.  The Commission realleges and incorporates by reference the allegations set forth in Paragraph 16 herein as if fully repeated verbatim.

  b.  The general manager continued to subject a class member to sexual harassment after Lloyd's constructive discharge.

  c.  The class member knew an employee made a formal complaint of sexual harassment against the general manager and that Defendant Employer failed to take any action other than transfer the employee to another location.

    d.    The general manager told the class member it would cause a problem if she reported the sexual harassment.

    e.    The class member perceived the general manager's comment as a threat.

    f.    The general manager's sexual harassment training did not deter the general manager from continuing to sexually harass females in the work place.

    g.    Following one class member's complaint of sexual harassment by the general manager and the kitchen manager to upper management, the general manager continued to subject the class member to sexual harassment.

    h.    When the class member reported to work, the sexual comments from the general manager to her altered her working conditions.

    i.    When the class member reported to work, the continued sexual comments, touching, and nonconsensual touching of a sexual nature from the general manager and kitchen manager created an abusive working environment.

    j.    The working conditions, as a result of the sexual harassment from the general manager and the kitchen manager, became so intolerable, causing the class member emotional distress and forcing her to resign.

18.    The effect of the practices complained of in Paragraphs 13 through 17 has been to deprive Lloyd and the class members of equal employment opportunities and to otherwise adversely affect their employment because of their sex, female.

19.    The unlawful employment practices complained of in Paragraphs 13 through 17 were intentional.

20. The unlawful employment practices complained of in Paragraphs 13 through 17 were done with malice or with reckless indifference to the federally protected rights of Lloyd and the class members.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in harassment and any other employment practice which discriminates based on sex, female.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Lloyd and the class members by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

D. Order Defendant Employer to make whole Lloyd and the class members by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

E. Order Defendant Employer to pay Lloyd and the class members punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**SHARON GUSTAFSON**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PD*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901-544-0088

*Pamela B. Dixon*
PAMELA B. DIXON
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065
pamela.dixon@eeoc.gov