IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, Plaintiff,                            )
MARSHONNA LLOYD,                             )
Plaintiff/ Intervenor,                                 )
                                                                    )        CIVIL ACTION NO.
                    Plaintiff,                              )        4:19-CV-718-KGB
                                                                    )
                    v.                                          )        COMPLAINT OF INTERVENOR
                                                                    )
PEI WEI ASIAN DINER, LLC d/b/a          )        JURY TRIAL DEMAND
PEI WEI FRESH KITCHEN                       )
                                                                    )
                    Defendant.                          )

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of

the Civil Rights Act of 1991 to correct unlawful employment practices based on sex

and to provide appropriate relief to Marshonna Lloyd (Plaintiff-Intervenor) who was

adversely affected by such practices. As alleged below, Plaintiff-Intervenor alleges

that Defendant Pei Wei Asian Diner, LLC d/b/a Pei Wei Fresh Kitchen (Defendant

Employer) subjected Plaintiff-Intervenor and the class members to a sexually hostile

work environment as well as sexual harassment, and then constructively discharged

Plaintiff-Intervenor.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, 1345, and 1367. This action is authorized and instituted pursuant to §706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e-5(f)(l) and (3) and 42 U.S.C. §2000e-2(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged unlawful were committed within the jurisdiction of the United States District Court for Eastern District of Arkansas, Western Division.

**PARTIES**

2.     The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(l) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(l) and (3) and 42 U.S.C. §2000e(2)(a).

3.     At all relevant times, Plaintiff-Intervenor was an employee of Defendant-Employer in Little Rock, Arkansas, and is an "aggrieved party" and was the initial charging party making the charge of discrimination against Defendant with the EEOC.

4.     At all relevant times, Defendant Employer has continuously been a foreign limited liability company doing business in the State of Arkansas and the City of Little Rock and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity

under 42 U.S.C. §2000e-5(f)(l) and (3).

## ADMINISTRATIVE PROCEDURES

7.      More than 30 days prior to the institution of this lawsuit, Plaintiff-Intervenor filed a charge of discrimination with the Commission against Defendant Employer alleging violations of Title VII by Defendant Employer.

8.      On June 3, 2019, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

9.      The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.     On July 17, 2019, the Commission issued Defendant Employer a Notice of Failure of Conciliation.

12.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

## COUNT ONE: SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT

13.     Plaintiff-Intervenor repeats and incorporates by reference the allegations contained in paragraphs 1-12 as if set forth word for word.

14.     Since at least March/April of 2017 through at least December of 2017, Defendant Employer engaged in unlawful employment practices at its Little Rock, Arkansas location in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

15.     The unlawful employment practices include subjecting Plaintiff-Intervenor to unwelcome and continuous sexual harassment and a sexually hostile work environment because of her sex, female.

      a.      The general manager of Defendant Employer hired Plaintiff-Intervenor, at that time a 17-year-old high school student, as a cashier/server on or about March/April 2017.

      b.      Working for Defendant Employer represented Plaintiff-Intervenor's first job in the workforce.

      c.      Defendant Employer did not provide sexual harassment training for Plaintiff-Intervenor when it hired her.

      d.      The general manager began sexually harassing Plaintiff-Intervenor immediately following her hire.

      e.      The general manager was approximately 37 years old when he began sexually harassing Plaintiff-Intervenor.

      f.      The sexual harassment by the general manager of Plaintiff-Intervenor consisted of sexual comments, non-consensual touching of a sexual nature, and forced touching of a sexual nature.

      g.      Plaintiff-Intervenor reported the sexual harassment to the assistant

manager who told Plaintiff-Intervenor to "deal with it."

h.      Plaintiff-Intervenor did not welcome the sexual harassment from the general manager

i.      The sexual harassment from the general manager was severe and/or pervasive.

j.      Defendant Employer does not maintain an effective sexual harassment policy.

k.      Defendant Employer failed to take appropriate measures to protect Plaintiff-Intervenor from sexual harassment.

l.      Sexual harassment at the restaurant was common knowledge to the employees who worked there.

16.     The unlawful employment practices include subjecting Plaintiff-Intervenor to a constructive discharge in violation of Title VII, 42 U.S.C. §2000e-2.

a.      The Plaintiff-Intervenor realleges and incorporates by reference the allegations set forth in Paragraphs 15 herein as if fully repeated verbatim.

b.      The general manager continued to subject Plaintiff-Intervenor to sexual harassment when Plaintiff-Intervenor arrived at work after school and on weekends.

c.      When Plaintiff-Intervenor, then 17-years-old, reported to work the sexual comments, touching, nonconsensual touching of a sexual

nature, and forced touching of a sexual nature from the general manager upon Plaintiff-Intervenor altered her working conditions.

d.      Following Plaintiff-Intervenor's complaint to the assistant manager, the general manager continued to subject Plaintiff-Intervenor to sexual harassment.

e.      When Plaintiff-Intervenor, then 17-years-old, reported to work the continued sexual comments, touching, nonconsensual touching of a sexual nature, and forced touching of a sexual nature from the general manager upon Plaintiff-Intervenor created an abusive working environment.

f.      The working conditions, as a result of the sexual harassment from the general manager, became so intolerable and caused Plaintiff-Intervenor emotional distress, forcing Plaintiff-Intervenor to resign.

17.     After Plaintiff-Intervenor's forced resignation, the general manager continued his sexual harassment in the workplace with other females.

a.      The unlawful employment practices include subjecting other high school students, teens, and young adults to unwelcome sexual harassment and a sexually hostile work environment because of their sex, female.

b.      The general manager began sexually harassing a class of other females shortly after their hire.

c.    Even though Defendant Employer allegedly trained its general manager on sexual harassment in the workplace in August 22-24, 2016, the general manager continued to harass other females after the training.

d.    The sexual harassment training for the general manager was not effective.

e.    Defendant Employer failed to take appropriate remedial measures to protect the class members from sexual harassment

f.    Defendant Employer only trained hourly employees regarding anti-harassment, including sexual harassment, on an as-needed basis.

g.    Defendant employer did not train the female high school students, teens, and young adults about sexual harassment in th4e workplace or how to report sexual harassment.

h.    Documentation provides that Defendant Employer only provided sexual harassment training to the general manager and/or other upper management employees.

i.    The kitchen manager also sexually harassed some of the class members shortly after their hire and during their employment.

j.    The sexual harassment of the class members by the general manager and the kitchen manager consisted of sexual comments and touching of a sexual nature.

k.      The class members did not welcome the sexual harassment by the general manager and kitchen manager.

l.      The sexual harassment of the class members was severe and/or pervasive.

m.      When the other high school students, teens, and young adults reported to work, the sexual comments, touching, and nonconsensual touching of a sexual nature from the general manager and kitchen manager altered their working conditions.

n.      When the other high school students, teens, and young adults reported to work, the continued sexual comments, touching, and nonconsensual touching of a sexual nature from the general manager and the kitchen manager created an abusive working environment.

o.      The working conditions as a result of the sexual harassment from the general manager and kitchen manager, scared many of the class members and became so intolerable, the sexual harassment caused them emotional distress and forced one of the class members to resign.

p.      The unwelcome sexual harassment was individually sufficiently severe and/or pervasive to alter the terms and conditions of employment and cause an adverse employment action for some of the class members.

q.      Since at least September 5, 2017, Defendant Employer has been on

notice of the sexual harassment by the general manager and the kitchen manager.

r.     Defendant Employer failed to conduct a reasonable and good faith investigation of allegations of sexual harassment in the workplace.

s.     Defendant Employer failed to make any corrective action against the general manager or the kitchen manager.

t.     Defendant Employer failed to emphasize a sexual harassment policy to employees after it received notice of alleged sexual harassment by the general manager and kitchen manager.

u.     Defendant Employer failed to conduct training in the workplace for its hourly and supervisory staff after it received notice of alleged sexual harassment by the general manager and kitchen manager.

v.     The sexual harassment by the general manager and/or the kitchen manager continued through at least December 5, 2017.

w.     Defendant Employer does not maintain an effective sexual harassment policy.

x.     Defendant employer failed to take appropriate remedial measures to protect the class members from sexual harassment

y.     Sexual harassment at the restaurant was common knowledge to the employees who worked there.

18.     The unlawful employment practices include subjecting one of the class

members to a constructive discharge in violation of Title VII, 42 U.S.C. §2000e-2.

a.     The Commission realleges and incorporates by reference the allegations set forth in Paragraph 16 herein as if fully repeated verbatim.

b.     The general manager continued to subject a class member to sexual harassment after Plaintiff-Intervenor's constructive discharge.

c.     The class member knew an employee made a formal complaint of sexual harassment against the general manager and that Defendant Employer failed to take any action other than transfer the employee to another location.

d.     The general manager told the class member it would cause a problem if she reported the sexual harassment

e.     The class member perceived the general manager's comment as a threat.

f.     The general manager's sexual harassment training did not deter the general manager from continuing to sexually harass females in the work place.

g.     Following one class member's complaint of sexual harassment by the general manager and the kitchen manager to upper management, the general manager continued to subject the class member to sexual harassment.

h.      When the class member reported to work, the sexual comments from the general manager to her altered her working conditions.

i.      When the class member reported to work, the continued sexual comments, touching, and nonconsensual touching of a sexual nature from the general manager and kitchen manager created an abusive working environment.

j.      The working conditions, as a result of the sexual harassment from the general manager and the kitchen manager, became so intolerable, causing the class member emotional distress and forcing her to resign.

19.     The effect of the practices complained of in Paragraphs 14 through 18 has been to deprive Plaintiff-Intervenor of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

20.     The unlawful employment practices complained of in Paragraphs 14 through 18 were intentional.

21.     The unlawful employment practices complaint of in Paragraphs 14 through 18 were done with malice or with reckless indifference to the federally protected rights of Plaintiff-Intervenor and the class members.

## COUNT TWO: VIOLATION OF ARKASAS CIVIL RIGHTS ACT

22.     Plaintiff-Intervenor repeats and incorporates by reference the allegations contained in paragraphs 1-21 as if set forth word for word herein.

23.     This action is bring brought pursuant to the Arkansas Civil Rights Act (ACRA), A.C.A. § 16-123-101 et seq., more specifically, A.C.A. § 16-123-107.

24.     Section 107(a) of the ACRA prohibits discrimination in the workplace and codifies the right to obtain and hold employment without discrimination. A.C.A. § 16-123-107(a)-(a)(1).

25.     Additionally, section 107(c)(1)(A) of the ACRA provides:

> "[a]ny individual who is injured by employment discrimination by an employer in violation of subdivision (a)(1) of this section shall have a civil action in a court of competent jurisdiction, which may issue an order prohibiting the discriminatory practices and provide affirmative relief from the effects of the practices, and award back pay, interest on back pay, and, in the discretion of the court, the cost of litigation and a reasonable attorney's fee."

26.     Section 107(c)(2)(A) of the ACRA entitled an injured party to an award of compensatory and punitive damages to remedy intentional discrimination by an employer.

27.     As set forth herein, Defendant Employers discriminated against Plaintiff-Intervenor on the basis of her gender.

28.     As a result of Defendant Employer's unlawful discrimination, Plaintiff-Intervenor has suffered damages in amounts to be proven at trial, including but not limited to backpay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience,

mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT THREE: TORT OF OUTRAGE

29.     Plaintiff-Intervenor repeats and incorporates by reference the allegations contained in paragraphs 1-28 as if set forth word for word herein.

30.     Defendant Employer willfully and wantonly engaged in the extreme and outrageous conduct towards the Plaintiff-Intervenor as described herein. That said conduct is utterly intolerable in a civilized community.

31.     That the Defendant Employer's conduct was the proximate cause of the damages suffered by the Plaintiff-Intervenor. Namely, these damages include the emotional distress caused to the Plaintiff-Intervenor during the time she worked for Defendant Employer, and that she still suffers to this day, and will suffer in the future. This emotional distress is severe and of a type that no reasonable person should be expected to endure.

32.     Plaintiff-Intervenor also lost income due to Defendant Employer's outrageous conduct.

## COUNT FOUR: PUNITIVE DAMAGES

33.     Plaintiff-Intervenor repeats and incorporates by reference the allegations contained in paragraphs 1-32 as if set forth word for word herein.

34.     Defendant Employer knew or ought to have known that, in light of the circumstances surrounding the events leading to this Complaint, their outrageous and utterly intolerable conduct would naturally and probably result in damage to the Plaintiff-Intervenor. Despite this, Defendant Employer continued such conduct with malice or in reckless disregard

of the consequences.  Defendant Employer's conduct displayed a conscious indifference to the

rights, safety, and welfare of Plaintiff Intervenor.

35.      As a direct and proximate result of Defendant Employer's conduct, Plaintiff-

Intervenor has sustained damages and is seeking punitive damages, in an amount deemed

appropriate by the Court, in order to punish Defendant Employer and to deter Defendant

Employer from engaging in similar conduct.

36.      Plaintiff-Intervenor seeks compensation for those damages on her behalf,

in an amount to be determined at trial, which include but are not limited to the following:

      a.      Mental anguish in the past and continuing through the present;

      b.      Mental anguish in the future;

      c.      Severe emotional distress in the past and continuing through the present;

      d.      Severe emotional distress in the future;

      e.      Physical pain and suffering; and

      f.      Any and all other damages warranted under State and Federal law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff-Intervenor respectfully requests that this Court:

37.      Grant a permanent injunction enjoining Defendant Employer, its officers,

agents, servants, employees, attorneys, and all persons in active concert or participation

with them from engaging in harassment and any other employment practice which

discriminates based on sex, female.

38.      Order Defendant Employer to institute and carry out policies, practices,

and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices.

39.     Order Defendant Employer to make whole Plaintiff-Intervenor by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

40.     Order Defendant Employer to make whole Plaintiff-Intervenor by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

41.     Order Defendant Employer to pay Plaintiff-Intervenor punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

42.     Grant such further relief as the Court deems necessary and proper in the public interest.

43.     Award Plaintiff-Intervenor attorney fees and costs in this matter.

## JURY TRIAL DEMAND

Plaintiff-Intervenor requests a jury trial on all questions of fact raised by her Complaint.

Respectfully submitted,

/s/ Chad M. Green
Chad M. Green
Ark. Bar # 2003081
Green & Gillispie
Attorneys at Law
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
501-244-0700
501-244-2020 (fax)

chad@greenandgillispie.com

/s/ Hannah M. Bone_____
Hannah M. Bone
Ark. Bar # 2012288
Green & Gillispie
Attorneys at Law
Riverfront Place, Suite 605
North Little Rock, AR 72114
501-244-0700
501-244-2020 (fax)
hannah@greenandgillispie.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed using the court's electronic filing system on this 5th day of December, 2019, and service shall be accomplished using the electronic filing system on the other participants that have appeared in this matter, and via personal service upon Defendant.

/s/ Chad M. Green
Chad M. Green