IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. |
| PEI WEI ASIAN DINER, LLC d/b/a PEI WEI FRESH KITCHEN | ) 4:19-cv-718 ) ) ) |
| Defendant. | ) ) |
| MASHONNA LLOYD | ) ) |
| Intervenor | ) ) |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (EEOC or Commission) filed this action on October 15, 2019. In its Complaint, the Commission alleges Defendant Pei Wei Asian Diner, LLC d/b/a Pei Wei Fresh Kitchen (Defendant) violated Title VII of the Civil Rights Act of 1964, as amended, when Defendant subjected Mashonna Lloyd and a class of female employees to sexual harassment and a sexually hostile work environment and constructively discharged Mashonna Lloyd and one of the class members.

Mashonna Lloyd (Intervenor) filed a motion to intervene on November 12, 2019, and the Court granted her motion on December 4, 2019. Lloyd filed her complaint in intervention on December 5, 2019.

Defendant denies the allegations contained in the Commission's Complaint and in

Intervenor's Complaint. Defendant maintains it has provided equal employment opportunities for all employees, has complied with Title VII, and enters into this Consent Decree to avoid the disruption, delay, and expense of litigation. Nothing in this Decree shall constitute a finding on the merits of the case or an admission of wrongdoing by Defendant. The Commission, Defendant, and Intervenor have consented to entry of this Decree to avoid the additional expense that protracted and continued litigation of this case would involve.

## DISCLAIMER

This Decree and the separate release agreements signed by Intervenors and the class members represent the only agreements between the Commission, Defendant, and Intervenor (the Parties) regarding Civil Action No. 4:19-cv-718. The Parties have not made any representations or inducements to compromise this action, other than those recited or referenced in this Decree or in the release agreements. The Parties agree not to admit this Consent Decree or any of the release agreements into evidence in any subsequent proceeding in this lawsuit or other legal proceeding except in enforcement of this Decree.

The terms of this Decree are adequate, reasonable, equitable and just; and the rights of the Parties and the public interest are adequately protected by the Decree.

The Parties agree to the jurisdiction of this Court over the subject matter of this action and the Parties to this case.

The Court, after examining the terms and provisions of this Decree and based on the pleadings, record, and representations of the parties, finds the following:

## JURSIDICTION

1. The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the Parties and the subject matter of this litigation and will retain

jurisdiction over this Decree for the purposes of enforcement.

2. No Party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## SCOPE AND DURATION OF THE DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint, Civil Action No. 4:19-cv-718, and out of Intervenor's Complaint alleging unlawful employment practices by Defendant based on Charge No. 493-2018-00471 filed by Intervenor.

4. Upon the date the Court enters the Decree, the provisions of this Decree become immediately effective and shall bind the Commission, Defendant, and Intervenor for three years after the effective date of this Decree.

5. This Decree applies to Defendant's Pei Wei Fresh Kitchen restaurant in Little Rock, Arkansas.

## INJUNCTIVE RELIEF

6. Defendant shall not engage in any employment practice that violates Title VII o the Civil Rights Act of 19i64, to include discriminating against female employees based on their sex, female, or retaliating against any individual who filed a charge, gave testimony, assisted or participated in any manner in any investigation, proceeding, or hearing under Title VII

## DEVELOPMENT OF SEXUAL HARASSMENT POLICY

7 Within 60 days after entry of this Decree, Defendant will amend its current sexual harassment policy to include the following elements and/or revisions.

    a. Any employee who witnesses sexual harassment is required to report the

3

       harassment to Ethics Point Hotline (1-844-740-3896) or through PWEmployeeRelations@pciwei.com;

   b. Any employee who believes he/she has experienced sexual harassment is required to report the harassment. The employee may use the following methods of reporting—the Ethics Point Hotline (1-844-740-3896) or through PWEmployeeRelations@peiwei.com, or informing the restaurant manager or the district manager.

8. Within 60 days after entry of the Decree, Defendant will post and maintain all telephone numbers for reporting sexual harassment on a bulletin board where employee notices are customarily maintained.

9. Within 60 days after entry of the Decree, Defendant will distribute the amended sexual harassment policy to all current employees at its Little Rock location and will obtain a signed acknowledgment of receipt of the policy by all employees. Whenever Defendant hires a new employee at its Little Rock location, Defendant will provide a hard copy of this policy to the new employee and obtain a signed acknowledgement of receipt of the policy by the employee.

10. Within 60 days after entry of the Decree, Defendant will amend its current orientation process to include a discussion of its sexual harassment policy discussed in Paragraphs 7 and 14.

### DEVELOPMENT OF INVESTIGATION PROCEDURES

11. Within 60 days after entry of this Decree, Defendant will develop an investigation manual to include the following elements and/or revisions.

   a. Corporate will contact anyone complaining of sexual harassment within 48 hours of the complaint, at which time corporate will arrange an

     interview date and time;

 b. During the interview of the complainant, Defendant will ask for the names of all witnesses and will ask for all facts supporting the complainant's allegations. Defendant will take detailed notes and maintain those notes on the computer and in hard copy; and,

 c. Defendant will use its best efforts to interview all witnesses in person within two weeks of the complaint. If witnesses are not interviewed within two weeks of the complaint, Defendant will make a written record of the reason for the delay. Defendant will maintain detailed notes of all interviews.

12. Defendant agrees to maintain a log sheet for all complaints of sexual harassment from its Little Rock location. The log sheet shall contain the name, job title, and sex of the complainant; the job title and sex of the alleged harasser; and the date of the complaint.

13. Defendant agrees to supplement the log sheet at the conclusion of its investigation. The supplementation will include the start and end date of the investigation; the name and job title of the investigator; the job title(s) and sex of all persons interviewed, whether or not the interviews were conducted in person; and the outcome of the investigation, to include any disciplinary actions taken against the alleged harasser.

## HARASSMENT TRAINING

14. Within 90 days after the entry of the Decree, Defendant will conduct two hours of harassment training for all non-management, non-supervisor employees at the Little Rock location, which shall include an opportunity to ask question. The training will include the following:

5

a. an overview of Title VII of the Civil Rights Act of 1964

b. discussion of what conduct constitutes sex discrimination

c. discussion of what conduct constitutes sexual harassment

d. detailed discussion of Defendant's policy against sex discrimination and sexual harassment

e. discussion of Defendant's policy against retaliation

f. discussion of Defendant's procedures, requirements, and responsibilities for reporting, investigating, and remedying sex discrimination and retaliation and

g. a video clip of an officer of Defendant reinforcing Defendant's policy against discrimination and harassment, stating that Defendant will not tolerate harassment in the workplace and stating that there are serious consequences for engaging in harassment in the workplace, up to and including termination.

15. Within 90 days after the entry of the Decree, Defendant will conduct two hours of training for all supervisors and managers at the Little Rock location, which shall include an opportunity to ask questions. The training will be recorded and include the following:

a. a discussion of the topics addressed in Paragraph 14a-g above and an overview of a supervisor or manager's responsibility under the harassment policy; and,

b. a review of the amended investigation procedures.

16. Defendant will provide a report of this training in Paragraphs 14 and 15 within 30 days following the conclusion of the training. The report will include a copy of the training

materials and a signed roster of attendees. Defendant will send the report to EEOC-MEDO-decree monitoring@eeoc.gov.

17. Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination or who has experience in labor and employment law, specifically sex discrimination and sexual harassment, to conduct the initial in-person training requirement listed in Paragraphs 14-15.

18. Defendant will video record the initial training sessions. Defendant will require any employee absent on the date of the initial training session to watch the applicable video recording within one week of the employee's return to work.

19. For the duration of this Decree, Defendant will conduct refresher training on sex discrimination, sexual harassment, and retaliation for all employees working at Defendant's Little Rock location every year this Decree remains effective.

20. Defendant will conduct these subsequent annual training sessions no later than six months into the new calendar year for employees.

21. These subsequent annual trainings will last a minimum of one hour, and Defendant shall conduct these trainings using trainers with experience in sexual harassment matters, to include its own in-house personnel. Defendant will allow time for questions at the end of the trainings.

22. Within 30 days after the completion of each annual training session, Defendant will notify the Commission that it conducted the required training. Defendant will provide a signed roster of attendees and a copy of the training materials used at that training session to EEOC-MEDO-decree monitoring@eeoc.gov.

23. Defendant will inform all employees in writing that the trainings are mandatory.

24. Any employee hired while this Decree is in effect will watch the applicable video of the training session as part of Defendant's orientation process.

25. Whenever an employee is promoted into a management/supervisor position (to include assistant managers and leads), Defendant shall require the newly promoted employee to watch the management/supervisor portion of the initial training video.[1]

## NOTICE POSTING

26. Defendant shall post an 11 x 14 laminated copy of the Notice attached as Exhibit C within 10 business days of entry of this Decree. Defendant will post Exhibit C in a conspicuous place upon its premises where notices to applicants and employees are customarily posted and keep a copy of the Notice attached as Exhibit C posted for a period of three years.

27. Defendants must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## GENERAL MONETARY RELIEF

28. Defendant shall pay a total of $300,000 in full and final settlement of the claims of the Commission on behalf of Intervenor and the class members and on behalf of Intervenor's individual claims in her Complaint.

29. Defendant shall pay an initial payment of $150,000 within 30 days of entry of this Decree, a second payment of $100,000 within six months of the entry of this Decree, and a third payment of $50,000 within one year of the entry of this Decree, subject to receipt of all the necessary documents as outlined below

---

[1] The inclusion of assistant managers and leads in the management/supervisor training following promotion does not constitute a waiver or admission by Defendant that these employees are supervisors for the purposes of vicariously liability.

30. Within 10 days of the entry of the Decree, the Commission will provide Defendant with

    a. the individual amounts from the initial $150,000 that is payable to Intervenor, Intervenor's counsel, and class members that is due within 30 days of entry of this Decree.

    b. the individual amounts payable to Intervenor, Intervenor's counsel, and class members within six months of the entry of this Decree (which amount shall total $100,000).

    c. the individual amounts payable to the class members within one year of the entry of this Decree (which amount shall total $50,000).

31. Within 10 days of the entry of the Decree, the Commission and Counsel for Intervenor will provide Defendant with the information necessary to complete the check(s) to Intervenor, Intervenor's counsel, and Class Members, to include mailing instructions and a Form W-9 for Intervenor, Intervenor's counsel, and Class Members. Within 10 days of the entry of the Decree, Counsel for Intervenor will provide Defendant with Intervenor's signed settlement agreement. Within 10 days of the entry of this Decree, the Commission will provide Defendant with a release agreement in the form attached hereto as Exhibit B signed by each Class Member.

32. Within 30 days from entry of the Decree, subject to receipt of documents and information referenced in Paragraph 31, Defendant shall mail check(s) in the amounts set forth in Paragraph 30(a) to Intervenor, Intervenor's 's attorney, and Class Members. Defendant shall email Trial Attorney Pamela Dixon copies of the checks.

33. Within six months from entry of the Decree, subject to receipt of documents and

information referenced in Paragraph 31, Defendant shall mail check(s) in the amounts set forth in Paragraph 30(b) to Intervenor, Intervenor's's attorney, and Class Members.

34. Within one year from entry of the Decree, subject to receipt of documents and information referenced in Paragraph 31, Defendant shall mail check(s) in the amounts set forth in Paragraph 30(c) to Class Members.

35. The payments represented in Paragraph 32, 33, and 34 are in full satisfaction and release of all claims contained in the charge and the Complaints filed in this matter.

36. Late payment of the checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

37. Defendant shall issue Intervenor, Intervenor's counsel, and Class Members a 1099 form for the amount of payments to each.

38. Defendant shall supply a neutral reference in response to any inquiries or reference requests regarding Intervenor and Class Members as outlined in the neutral reference letter attached to this Decree as Exhibit A. No mention of the charge of discrimination or this litigation will be made as part of the neutral reference. This provision shall remain in force as long as Intervenor uses Defendant as a reference and is not limited to the duration of this Decree.

## RECORDKEEPING AND REPORTING PROVISIONS

39. Defendant will maintain records of any complaints of sex discrimination or sexual harassment involving any of its employees at its Little Rock location. These records must include the information outlined in Paragraphs 12 and 13.

40. Notwithstanding the report outlined in Paragraph 16, following Defendant's initial training, Defendant will submit its first annual report within 12 months of the entry of the Decree, the second report within 24 months of the entry of the Decree, the third report within 35

months of the entry of the Decree,. The reports will contain the following information:

    a. a signed roster of attendees at the annual training session

    b. any complaints of sexual harassment received at the Little Rock location during the time frame covered by this report to include the information outlined in Paragraphs 12-13

    c. the steps Defendant took to investigate and resolve the complaint and

    d. a certification by Defendant that the Notice required to be posted by Paragraph below remains posted during the time period preceding the report.

41. Defendant will submit all reports to EEOC-MEDO-decree monitoring@eeoc.gov.

## MONITORING

42. The Commission shall have the right to monitor and review compliance with this Decree. Defendant will cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

    a. attend training sessions required by this Decree;

    b. interview employees related to the requirements of this Decree; and,

    c. inspect Defendant's premises upon prior notice of five business days to ensure the policies and/or any requirements pursuant to this Decree are posted.

## MISCELLANEOUS PROVISIONS

43. Defendant agrees that it will not re-employee Kenneth Price or Don Strickland in any position in any of its locations at any time in the future in which this company is owned

by its current owner.

44. It is acknowledged that the damages agreed to herein constitute a debt owed to and collectible by the United States.

45. At the end of one year from the date of the entry of the Decree, if any monies paid to the Class Members remains unclaimed, the Commission shall have an additional 30 days to locate said Class Member. At the end of the 30 days if the monies still remain unclaimed, Defendant shall pay all unclaimed money to Marshona Lloyd.

## NOTIFICATION OF SUCCESSOR

46. Defendant shall provide prior written notice to any potential purchaser of Defendant's business or a purchaser of all or a material portion of Defendant's assets or to any other potential successor of the Commission's lawsuit, and the existence and contents of the Consent Decree.

## DISPUTE RESOLUTION

47. If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree. The Commission will provide 10 days' notice to Defendant/Human Resources Director of any deficiency in complying with the terms of this Decree. If the Commission and Defendant are unable to reach an agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

48. The Commission and Defendant shall bear their own costs, attorney fees, and expenses in this lawsuit with the exception of Paragraph 47.

IT IS SO ORDERED THIS 3rd DAY OF ~~JANUARY~~ FEBRUARY 2020.

*signature*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

FOR THE COMMISSION:

SHARON GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*signature: Faye A. Williams by PBD*
FAYE A. WILLIAMS
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Ave., Ste. 901
Memphis, TN 38104
(901) 544-0088

*signature*
PAMELA B. DIXON
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMISSION
801 Louisiana, Ste. 200
Little Rock, AR 72201
(501) 324-5065

FOR DEFENDANT:

*signature: Audrey Calkins by MP by permission*
~~RODNEY A. HARRISON~~
AUDREY M. CALKINS

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
7700 Bonhomme Avenue, Ste. 650
St. Louis, MO 63105
(314) 802-3949

FOR INTERVENOR:

*signature*
CHAD M. GREEN

GREEN & GILLESPIE
1 Riverfront Place, Ste. 605
Little Rock, AR 72114
(501) 244-0700

# EXHIBIT A

## SAMPLE LETTER OF REFERENCE

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of _____[Insert Class Member name] while employed at Pei Wei Fresh Kitchen. Company policy provides that only dates of employment and position held can be provided in response to any employment inquiry.

_____[Insert Class Member name] was employed at Pei Wei Fresh Kitchen in Little Rock, Arkansas as a _____(position) from _____ to _____ (dates of employment). I am confident that _____[Insert Class Member name] can provide you with additional details concerning her tenure with the company. I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,


Pei Wei Fresh Kitchen

14

**EXHIBIT B**

**RELEASE**

I, _____, hereby acknowledge and agree that I am receiving a total sum of $_____ as payment in full and final settlement of my claims against Pei Wei Asian Diner, LLC d/b/a Pei Wei Fresh Kitchen, its affiliates and their respective directors, officers and employees (collectively, the "Releasees"), for any damages and costs arising out of or related to the action entitled *EEOC v. Pei Wei Asian Diner, LLC d/b/a Pei Wei Fresh Kitchen*, Case No. 4:19-cv-718 (E.D. Ark.). Within 30 days of the entry of the Decree, _____ shall receive the sum of $_____. Within six months of the entry of the Decree, _____ shall receive the sum of $_____. Within 12 months of the entry of the Decree, _____ shall receive the sum of $_____. In consideration for my receipt of this payment, I hereby waive, release, and forever discharge the Releasees with respect to any and all actions and claims of sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, that I have or may have against any one or more Releasee prior to the date of this Release.

Date: _____      Signature: _____

Date: _____      Signature: _____

## EXHIBIT C

## NOTICE TO ALL EMPLOYEES

1. This Notice to all employees of Pei Wei Fresh Kitchen is posted as part of the agreement reached between Pei Wei Asian Diner d/b/a Pei Wei Fresh Kitchen's (Pei Wei) Little Rock location and the Equal Employment Opportunity Commission in settlement of a complaint alleging sexual harassment.

2. Federal law requires an employer to maintain a workplace free from discrimination based on sex (gender), as well as race, color, religion, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is also unlawful under Title VII to retaliate against any applicant or employee who opposes a practice made unlawful under federal law, or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

3. Pei Wei will not tolerate or condone sex discrimination or retaliation against any employee or applicant for employment. Retaliation discrimination violates company policy as well as federal law. Violation of these company policies by anyone employed by Pei Wei will result in disciplinary action up to and including termination.

4. Pei Wei is committed to providing a workplace free of sexual harassment. Pei Wei supports and will comply with Title VII in all respects and will not take any action against any employee because the employee opposed employment practices made illegal by Title VII or exercised his/her rights under the law by filing a charge with the Equal Employment Opportunity Commission or because he/she testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

5. If you believe you have been discriminated against in violation of federal law, you may contact the EEOC at 1-800-669-4000. The TTY number for hearing impaired is 1-800-669-6820. You may also go to eeoc.gov and file an on-line complaint. Finally, you may contact the Little Rock Area Office at 501-324-5060.

_____
Date

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**Pei Wei Fresh Kitchen**


By:_____

41464165.1

16